**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AL GASIM OBIED IBRAHIM MOHAMMAD, | ) | |
| Special Administrator of the Estates of NAZIR | ) | |
| ABDULRAHIM, deceased, AFAR ALGASIM | ) | |
| OBIED IBRAHIM, deceased, ABDULRAHIM | ) | |
| NIZAR ABDULRAHIM, deceased, ALAA | ) | Case No.: |
| NIZAR ABDULRAHIM, deceased | ) | |
| FADULALLAH ELTAHIR FADULALLAH | ) | |
| SULAF DAFAALAHABDELAZIZ, FADI | ) | |
| FADULALLAH ELTAHIR, ETHAR | ) | |
| FADULALLAH ELTAHIR, FADUALLAH | ) | Circuit Court of Cook County |
| ELTAHIR, MOHAMED OSMAN MOHAMED | ) | Case No. 2009 L 001220 |
| ALI KHAIRY, individually and as Special | ) | |
| Administrator of the Estate of OSMAN | ) | |
| MOHAMED ALI KHAIRY, deceased, OMER | ) | |
| ABDLEGADIR ABDULA, individually and as | ) | |
| Special Administrator of the Estates of INSAM | ) | |
| RAHAMA MUSTAFA HUSSIEN, deceased, | ) | |
| IBRAHIM OMER ABDLEGADIR, deceased, and | ) | |
| unborn child of INSAM RAHAMA MUSTAFA | ) | |
| HUSSIEN, deceased, ABDLEGADIR OMER | ) | |
| ABDLEGADIR, MOMEN OMER ABDLEGADIR, | ) | |
| MOHAMED OMER ABDLEGADIR, RIDA | ) | |
| ALSHEIKH BABIKIR SAEED, Special | ) | |
| Administrator of the Estates of MARYIAM ABD | ) | |
| ALAZIZ YAGOOB, deceased, and RIHAB | ) | |
| ALSHEIKH BABIKIR SAEED, deceased, ADIL | ) | |
| MOHAMED ABDLALLAH GUBARA, SAMI | ) | |
| AHMED BABIKIR ALI, Co-Special | ) | |
| Administrator of the Estate of HUIAM SAMI | ) | |
| AHMED BABIKIR ALI, IMAN MOHAMED | ) | |
| BABIKIR, individually and as Co-Special | ) | |
| Administrator of the Estate of HUIAM SAMI | ) | |
| AHMED BABIKIR ALI, deceased, MAHMOUD | ) | |
| SAMI AHMED BABIKIR, a minor, through his | ) | |
| father, SAMI AHMED BABIKIR ALI, AHMED | ) | |
| SAMI AHMED BABIKIR, a minor, through his | ) | |
| father, SAMI AHMED BABIKIR ALI, KAMAL | ) | |
| ELDEEN IBRAHIM MOHAMED ALI, HANAN | ) | |
| ABDULRAHMAN MOHAMED, AYIA KAMAL | ) | |
| ELDEEN IBRAHIM, a minor, through her father, | ) | |
| KAMAL ELDEEN IBRAHIM MOHAMED, | ) | |
| ALAA KAMAL ELDEEN IBRAHIM, a minor, | ) | |
| through her father, KAMAL ELDEEN IBRAHIM | ) | |

MOHAMAD ALI, ABDALLAH MOHAMED        )
ABDALLAH, ISMA ELDEEN FAOL GASIM     )
ALLAH ALI, DR. ABDALRAZIG AHMED      )
MOHAMED, NIHAL SIR ALKHATIM          )
MOHAMED, AHMED FOUAD HASSAN,         )
BASHAYER MUBARAK BABIKIR, MUSTAFA    )
AHMED FOUAD, IFATEH AHMED FOUAD,     )
KHLAS AHMED FOUAD, JLA AHMED FOUAD,)
OMAYMA MUBARAK BABIKIR IBRAHIM,      )
IBRAHIM MOHAMED OSMAN SIR            )
ELKHATIM, MUNA IBRAHIM SAYED AHMED,)
TEAPYAN IBRAHIM MOHAMED OSMAN,       )
MOHAMED OSMAN IBRAHIM MOHAMED        )
OSMAN, ADIL IBRAHIM MOHAMED OSMAN, )
TARTEEL IBRAHIM MOHAMED OSMAN,       )
ASHRAF ABDEL BARI MUTWAKIL           )
MOHAMED OSMAN, ASIA KHALIL IBRAHIM,)
KHADIGA AHMED ALDWAHI, TAYSEER       )
ABDEL BARI MUTWAKIL, ABDEL BARI      )
ASHRAF ABDEL BARI, IMAN AL DEEN      )
OSMAN ABDULHAY, AMRA IMAD AL DEEN )
OSMAN, OSMAN IMAD AL DEEN OSMAN,     )
ADEEBA HASSAN ELHWATI, Special       )
Administrator of the Estate of FARIDA ABASS )
MOUSA, deceased, NAWAL ALFAKI        )
MOHAMMED SALIH, HUSNA ALAMIN         )
ATTALMANNAN ALHAG, HALIM             )
MOHHOMED ALHASSAN, MOHAMAD           )
IBRAHEEM ALKHALIL AHMED, ISAM ELDIN )
FADL GISMALLA, ABDALLA SULIMAN       )
MOHAMED IDRIS, MOHAMED ELAMIN        )
IMAM AHMED, MARYAM AWAD ELKARIM      )
MAHAMED AHMED, ASSAD MOHAMED         )
ELAMIN IMAM AHMED, LEENA MOHAMED     )
ELAMIN IMAM AHMED, YASSEEN           )
MOHAMED ELAMIN IMAM AHMED,           )
ALTAYEB HASSAN ABDULLAH ELYAS,       )
ASRAR MUSTAFA AWAD YAQUB, ABDUL      )
RAHMAN IMAD ALDIN SHEIK IDRIS, NOOR  )
ALWOGOOD IBRAHIM NOOR ALWOGOOD       )
IBRAHIM, OMAR ALI AHMED ABDULLAH,    )
SHARAF ELDIN MOHAMAD AHMED           )
HASSAN, HAIDER SAEID ELSA, MOHAMED   )
MAKKI, MOHAMED MAKKI ALTOAM          )
RAHAMTULLAH, YASIN MAKKI ALTOAM,     )
HAYDER MAKKI ALTOAM, AMAL ALIMAM     )

ABDULGADIR, MOHAMED IBRAHIM YUSUF )
MOHAMED, ABD ALLA MOHAMAD ABD )
ALLA ABO TRRA, ADAM BASHIR IBRAHIM )
EL HILU, ABDULAZIM MOHAMED IDRIS, )
RASIDA HASSAY KANNAN AHMED, AMIN )
MANSOUR, a minor, through his father, RASIDA )
HASSAY KANNAN AHMED, ZAINAB )
MANSOUR, a minor, through her father, RASIDA )
HASSAY KANNAN AHMED, ABDUL )
RAHMAN SALIH ABD RAHMAN, MEHASIN )
ELSHEIKH, YASSIR ABDUL RAHMAN )
SULIMAN ALABIN, OMAR AHMED HASSAN, )
Special Administrator of the Estate of )
EISHRAGAA OMAR AHMED, deceased, )
MOHAMED ELBAGIR ISMAEEL, ISMAEEL )
MOHAMED, MOHAMMAD AWAD ALLA, )
Special Administrator of the Estate of MAHA )
IBRAHIM HUSSAIN, deceased, AWA ALLA )
MOHAMMED ALLA, Special Administrator of )
the Estate of RAWBI ALLA, deceased, NAWAL )
ELFKY, )
                                                  )
        Plaintiffs, )
                                                  )
v. )
                                                  )
AIRBUS, S.A.S., a corporation, AIRBUS )
AMERICAS, a corporation UNITED )
TECHNOLOGIES CORPORATION, a corporation,)
GOODRICH CORPORATION, a corporation, )
GOODRICH AIRCRAFTACTUATION )
SYSTEMS, a corporation, EATON )
CORPORATION AEROSPACE, a corporation, )
PARKER AEROSPACE CORPORATION, a )
corporation, GE AVIATION, a corporation, )
HAMILTON SUNDSTRAND CORPORATION, a )
corporation, MATTHEW HIER, MONTROSE )
GLOBAL CAPITAL, a corporation, MGC )
LEASING, LTD., a corporation, BANK OF )
AMERICA, a corporation, GOODRICH SENSORS )
& INTEGRATED SYSTEMS, INC., a corporation, )
HONEYWELL INTERNATIONAL, a corporation, )
                                                  )
        Defendants. )

_____

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1453, and 1446, and without waiving any rights, privileges, or defenses, or conceding that this is an appropriate forum for resolution of these claims, Defendant GE Aviation Systems LLC, incorrectly sued as "GE Aviation" and hereinafter referred to as "GE Systems," files this Notice of Removal of the above-captioned case to this Court. In support of the Notice of Removal, GE Systems shows as follows:

1.     **The State Court Actions**

GE Systems was named in a civil action filed on February 2, 2009 in the Circuit Court of Cook County Illinois, County Department Law Division, styled as *Al Gasim Obied Ibrahim Mohammad, et al. v. Airbus S.A.S., et al*., which has Case No. 2009 L 001220 (the "2009 Lawsuit"). In addition to GE Systems, the 2009 Lawsuit also named the following defendants: AIRBUS, S.A.S.; AIRBUS AMERICAS; UNITED TECHNOLOGIES CORP.; GOODRICH CORP.; GOODRICH AIRCRAFT ACTUATION SYSTEMS; EATON CORPORATION AEROSPACE; PARKER AEROSPACE CORPORATION; HAMILTON SUNDSTRAND CORP.; MATTHEW HIER; MONTROSE GLOBAL CAPITAL; MGC LEASING, LTD.; BANK OF AMERICA; GOODRICH SENSORS & INTEGRATED SYTEMS, INC.; and HONEYWELL INTERNATIONAL. Defendants AIRBUS AMERICAS, HAMILTON SUNDSTRAND and MATTHEW HIER were voluntarily dismissed by Plaintiffs from the case. Defendants BANK OF AMERICA, MGC LEASING and MONTROSE GLOBAL CAPITAL were dismissed by court order for improper service of the Summons. In accordance with 28

1

U.S.C. § 1446, a copy of the Complaint, together with all other process, pleadings, and orders are attached as Exhibit A.

GE Systems was subsequently named in a civil action filed on January 11, 2010 in the Circuit Court of Cook County Illinois, County Department Law Division, styled as *Mohamed Makky Altoum, et al. v. Airbus S.A.S., et al.*, which has Case No. 2010 L 000317 (the "2010 Lawsuit"). The 2009 and 2010 Lawsuits are virtually identical. Plaintiffs in both Lawsuits are represented by Floyd Wisner, Esq. of The Wisner Law Firm. Both Lawsuits were commenced by Sudanese citizens and residents and arise out of the June 10, 2008 crash of Sudan Airways Flight 109 in Khartoum, Sudan (the "Accident"). Both Lawsuits allege negligence and product liability claims based on multiple theories against Defendants AIRBUS; UNITED TECHNOLOGIES CORP.; GOODRICH CORP.; GOODRICH ACTUATION SYSTEMS, LTD.; EATON CORPORATION; PARKER HANNIFIN CORPORATION; GE SYSTEMS; ROSEMOUNT AEROSPACE, INC.; and HONEYWELL INTERNATIONAL. The "active" Defendants in the 2009 and 2010 Lawsuits are virtually identical.[1]

## 2.   Receipt of Complaint, Notice of Removal and the Basis for Federal Jurisdiction

### A.   Removal is Proper Pursuant to 28 U.S.C. § 1367

Although the last Defendant was served with the 2009 Lawsuit on or about March 12, 2009, this Notice of Removal is timely filed under 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed prior to the expiration of thirty (30) days after it was first ascertained that this Lawsuit

---

[1] There are nominal changes in the names of the parties (*e.g.*, the 2009 Lawsuit names GOODRICH AIRCRAFT ACTUATION SYSTEMS as a Defendant, while the 2010 Lawsuit names GOODRICH ACTUATION SYSTEMS, LTD. as a Defendant) that are not material to this removal. Also, Defendants BANK OF AMERICA, MGC LEASING and MONTROSE GLOBAL CAPITAL were named as Defendants in the 2010 Lawsuit, but, at this time, Plaintiffs have not re-served those Defendants in the 2009 Lawsuit.

had become removable within the meaning of 28 U.S.C. § 1446(b). Defendants first ascertained that this Lawsuit was removable when Defendants determined that the 2010 Lawsuit, which was filed on January 11, 2010, could be removed pursuant to, *inter alia*, the Class Action Fairness Act of 2005 (*see* 28 U.S.C. § 1332 *et seq.*) and, therefore, the 2009 Lawsuit could be removed pursuant to, *inter alia*, 28 U.S.C. § 1367.[2] *See Leith v. Lufthansa German Airlines*, 793 F. Supp. 808, 812 (N.D. Ill. 1992) (Moran, J.) (asserting supplemental jurisdiction over a separate action where "the complaints, answers, and affirmative defenses are virtually identical" and "[u]ndoubtedly, most of any proffered evidence will apply to each claim"); *Cohen v. Reed*, 868 F. Supp. 489, 494 (E.D.N.Y. 1994) (noting that because many of the same factual intricacies were involved in both actions, "the Court may properly assert supplemental jurisdiction over the declaratory judgment complaint"); *Simcox v. McDermott Int'l Inc.*, No. H-92-3014, 1993 U.S. Dist. LEXIS 18302, at *7-*11 (S.D. Tex. Dec. 21, 1993) ("For supplemental jurisdiction to attach, the subsequent case need not be independently removable, if it forms part of the same controversy as the prior case."); *see also Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 406 (6th Cir. 2009) (quoting a Senate Report stating that CAFA created "efficiencies in the judicial system by allowing overlapping and 'copycat' cases to be consolidated in a single federal court, [and] plac[ing] the determination of more interstate class action lawsuits in the proper forum-the federal courts") (quoting S. Rep. No. 109-14 at 5 (2005)); *Bullard v. Burlington Northern Santa Fe Railway Co.*, 535 F.3d 759, 761 (7th Cir. 2008) (rejecting plaintiffs' attempt to avoid federal jurisdiction pursuant to CAFA based on an artificial construction of the statute); *DeBasio v. Lifeusa Holdings, Inc.* No. CIV. A. 98-3346, 1998 WL

---

[2] Two defendants—neither of which was named in the 2010 Lawsuit—filed a notice of removal in the 2009 Lawsuit on March 23, 2009, but the district court remanded the case on November 10, 2009. *See* Dist. Ct. No. 1:09-cv-01817 [D.E. 1, 114].

546127 (D.N.J. Aug. 27, 1998) (citing *Cohen*, 868 F. Supp. at 494; *Simcox*, 1993 U.S. Dist. LEXIS 18302, at \*5-\*10 ("When two actions are consolidated before the same district court, only one of which provides a basis for original federal jurisdiction, there is no reason why the court could not exercise supplemental jurisdiction over related state claims asserted in the other action.")). A copy of the Notice of Removal of the 2010 Lawsuit is attached as <u>Exhibit B</u>. Defendants have all executed consent to removal forms that are attached as <u>Exhibits C-H</u>.

As in *Leith*, the 2009 and 2010 Lawsuits in this case "are 'so related' for purposes of supplemental jurisdiction" because "the complaints, answers and affirmative defenses are virtually identical" and "[u]ndoubtedly, most of any proffered evidence will apply to each claim." 793 F. Supp. at 812. The fact that Plaintiffs filed separate actions – in which they are represented by the same counsel – in the same court arising out of the same accident with virtually identical claims and defendants is curious at best. As in *Freeman*, this Court should not countenance filing tactics of the type for which it is difficult to discern any legitimate basis. Accordingly, removal of the 2009 Lawsuit to the Northern District of Illinois is proper.

### B. Removal Also is Proper Pursuant to the Class Action Fairness Act of 2005

There also is an independent ground to remove the 2009 Lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, amending 28 U.S.C. § 1332 *et seq*. Enacted for the purpose of "expanding the availability of diversity jurisdiction for class action lawsuits," *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006), CAFA amended the "procedures that apply to consideration of interstate class actions to assure fairer outcomes for class members and defendants." Pub. L. 109-2, 119 Stat. 4. To accomplish these goals, CAFA revised the requirements for establishing diversity jurisdiction and created a new basis for removal of "mass

actions." *See* 28 U.S.C. §§ 1332(d), 1453. The 2009 Lawsuit is removable under these new requirements.

At the outset, the district court has subject matter jurisdiction over the 2009 Lawsuit pursuant to 28 U.S.C. § 1332(d). Section 1332 provides, in pertinent part, as follows:

### § 1332. Diversity of citizenship; amount in controversy; costs

* * *

**(d) (2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
    **(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;
    **(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
    **(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). CAFA defines a "class action" to include a "mass action," which is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiff's claims involve common questions of law or fact." *Id.* § 1332(d)(11)(B)(i).

The 2009 Lawsuit is a "mass action" within the meaning of CAFA even if it may not have been commenced by 100 or more individual plaintiffs. In *Bullard v. Burlington Northern Santa Fe Railway Co.*, the Seventh Circuit interpreted the CAFA 100 person requirement and rejected a mechanistic approach to it:

Recall the language of § 1332(d)(11)(B)(i): any "civil action . . . in which monetary relief *claims* of 100 or more persons are proposed to be tried jointly" is treated as a "class action." The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly.

5

535 F.3d at 762. The Seventh Circuit also rejected plaintiffs' argument that because they had not proposed a trial in the complaint the lawsuit was not a "mass accident" subject to CAFA. *See id.* at 761.

Plainly, the *Bullard* decision prescribes a flexible approach to the interpretation of CAFA. When one considers the fact that Plaintiffs made a settlement demand on behalf of more than 160 claimants relating to the subject accident – prior to the filing of the 2010 Lawsuit – it is clear that they presented "monetary relief *claims* of 100 or more persons." Furthermore, the only reason that the 2009 Lawsuit does not contain well in excess of 100 individual *plaintiffs* is because Plaintiffs commenced a virtually identical lawsuit with approximately 102 additional plaintiffs (*i.e.*, the 2010 Lawsuit) that involves common questions of law or fact, which arises out of the same accident—the crash of Sudan Airways Flight 109—with virtually identical parties and allegations, in the same court (Cook County) and presently before the same judge. This is precisely the type of lawsuit manipulation that runs afoul of the underlying rationale of CAFA. *See Freeman*, 551 F.3d at 407 (interpreting CAFA to permit removal despite plaintiffs' artificial structuring of multiple actions arising out of the same incident to attempt to avoid removal to federal court).

The parties meet the minimal diversity requirements for federal jurisdiction under § 1332(d)(2). According to the Complaint, plaintiffs are all citizens and residents of Sudan. *See* Ex. A, Complaint, ¶ 1. Defendant Airbus S.A.S. is a simplified joint stock company organized under the laws of France with its principal place of business in France. United Technologies Corp. is a Delaware corporation with its principal place of business in Hartford, Connecticut. Goodrich Corporation is a New York corporation with its principal place of business in North Carolina. Goodrich Actuation Systems, Ltd. is a United Kingdom corporation with its principal

place of business in Wolverhampton. Eaton Corporation is a Delaware corporation with its principal place of business in Cleveland, Ohio. Parker Hannifin Corporation is an Ohio corporation with its principal place of business in Cleveland, Ohio. GE Systems is a Delaware LLC with its principal place of business in Ohio. Rosemount Aerospace, Inc. is a Delaware corporation with its principal place of business in Minnesota. Honeywell International is a Delaware corporation with its principal place of business in New Jersey. As a result, the parties are minimally diverse under § 1332(d)(2)(B).

In addition to meeting the minimal diversity requirements, the 2009 Lawsuit satisfies CAFA's amount in controversy requirement. Each plaintiff satisfies the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) and the matter in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (10). For the latter value, CAFA follows an aggregation rule and instructs that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). While the 2009 Lawsuit does not seek a specific amount of damages, there is a "reasonable probability" that each Plaintiff's claim is likely to exceed $75,000 and that Plaintiffs' claims, aggregated together, are likely to exceed the sum or value of $5 million. *See Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Indeed, Plaintiffs seek damages for the deaths of 15 individuals who died in the Accident. These Plaintiffs seek a wide range of damages, including for "loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief." Ex. A, Complaint ¶ 8. The remaining Plaintiffs—approximately 76 individuals—seek "substantial pecuniary and non-pecuniary damages" for "serious personal and bodily injuries" that they

suffered in the Accident, including "past and future medical expenses, past and future loss of earnings and income, permanent disability and disfigurement, pain and suffering and mental anguish." *Id.* ¶ 7.

The number of Plaintiffs in the 2009 Lawsuit—approximately 86—combined with the seriousness of their wrongful death and personal injury claims creates a "reasonable probability" that the aggregate sum or value of their individual claims is greater than $5,000,000. Any doubt that the 2009 Lawsuit satisfies CAFA's $5 million amount-in-controversy requirement is dispelled by Plaintiffs' counsel's demand for settlement in the amount of $18 million. *See* Dameris Declaration ¶ 4 annexed to 2010 Lawsuit Notice of Removal, Ex. B. This settlement demand "reveal[s] what [plaintiffs] think [their] loss amounts to," and it far exceeds the jurisdictional requirement. *Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). "This is the amount 'in controversy.'" *Id.* (affirming denial of remand where defendant established amount in controversy based on settlement demand by plaintiff's counsel).

The 2009 Lawsuit also is subject to removal under newly enacted 28 U.S.C. §§ 1332(d)(11)(A) and 1453(b). Section 1453(b) creates an independent basis for removal of "class actions" and states that a class action may be removed to a district court in accordance with 28 U.S.C. § 1446 "without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). This removal provision also applies to a "mass action." Section 1332(d)(11)(A) states, "[f]or purposes of this subsection [28 U.S.C. § 1332(d)] and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." 28 U.S.C. § 1332(d)(11)(A). And, as previously noted, § 1332(d)(11)(B) defines "mass action" by reference

8

to CAFA's minimum diversity requirements. Because the 2009 Lawsuit meets CAFA's definition of "mass action" and satisfies the minimum diversity requirements, it also is removable under §§ 1332(d)(11) and 1453.

**3.** **Filing of State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(d), GE Systems is filing a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County Illinois, County Department Law Division. A copy of the Notice of Filing Notice of Removal is attached at Exhibit I.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1367 and 1453, and in conformance with the requirements set forth in 28 U.S.C. § 1446(b) and the Local Rules of the United States District Court for the Northern District of Illinois, GE Systems removes the 2009 Lawsuit from the Circuit Court of Cook County Illinois, County Department Law Division to this Court, on this 22nd day of January 2010.

Dated: January 22, 2010

| | Respectfully submitted, |
|---|---|
| | By: *Susan Valentine* |
| | Susan Valentine |
| | Robinson Curley & Clayton, P.C. |
| | 300 S. Wacker Dr., Ste. 1700 |
| | Chicago, IL 60606 |
| | (312) 663-3100/(312)663-0303 |
| | svalentine@robinsoncurley.com |
| | |
| | Christopher R. Christensen |
| | Jonathan E. DeMay |
| | Condon & Forsyth LLP |
| | 7 Times Square – 18th Floor |
| | New York, New York 10036 |
| | (212) 490-9100/(212) 370-4483 |
| | cchristensen@condonlaw.com |

| | jdemay@condonlaw.com |
|---|---|
| | **ATTORNEYS FOR GE AVIATION SYSTEMS LLC** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January 2010, a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, addressed to the office of the following:

| | |
|---|---|
| Floyd A. Wisner, Esq.<br>Wisner Law Firm<br>3N 780 Trotter Lane<br>St Charles, IL 60175<br>(630) 513-9434<br>(630) 513-6287 (fax)<br>11151<br><br>**ATTORNEY FOR PLAINTIFFS** | Stanley V. Boychuck<br>Anthony J. Monaco<br>Patrick P. Clyder<br>Swanson, Martin & Bell, LLP<br>330 N. Wabash, Suite 3300<br>Chicago, IL 60611<br>(312) 321-9100/(312) 321-8428 (direct dial)<br>(312) 321-0990 FAX<br>sboychuck@smbtrials.com<br>amonaco@smbtrials.com<br>pclyder@smbtrials.com<br><br>Thad T. Dameris<br>Christopher D. Odell<br>Hogan & Hartson, LLP<br>Bank of America Center<br>700 Louisiana St., Suite 4300<br>Houston, TX 77002<br>(713) 632-1410/(713) 269-8197 (cell)<br>(713) 583-6297 FAX<br>tdameris@hhlaw.com<br>cdodell@hhlaw.com<br><br>David J. Weiner<br>Hogan & Hartson, LLP<br>555 13th St., NW<br>Washington, D.C. 20004<br>(202) 637-5600<br>(202) 637-5910 FAX<br>djweiner@hhlaw.com<br><br>**ATTORNEYS FOR AIRBUS S.A.S.** |

| | |
|---|---|
| Michael J. Merlo<br>Linda J. Schneider<br>Donald G. Machalinski<br>Merlo Kanofsky & Gregg Ltd.<br>208 S. LaSalle Street, Suite 1750<br>Chicago, IL 60604<br>(312) 553-5500/(312) 553-1586 FAX<br>MJM@merlolaw.com<br>LJS@merlolaw.com<br>DGM@merlolaw.com<br><br>Patrick S. Nolan<br>Quarles & Brady LLP<br>411 E. Wisconsin Ave. Suite 2040<br>Milwaukee, WI 53202<br>(414) 277-5465/(414) 978-8868 FAX<br>patrick.nolan@quarles.com<br><br>**ATTORNEYS FOR PARKER HANNIFIN CORP.** | Monica Maria Tynan<br>Quarles & Brady, LLP<br>300 North LaSalle Street, Suite 4000<br>Chicago, IL 60654<br>(312) 715-5090/(312) 632-1790 FAX<br>mtynan@quarles.com<br><br>Michael H. Schaalman<br>Eric J. Van Vugt<br>Quarles & Brady, LLP<br>411 E. Wisconsin Ave. Suite 2040<br>Milwaukee, WI 53202<br>(414) 277-5000/(414) 978-8944 FAX<br>michael.schaalman@quarles.com<br>eric.vanvugt@quarles.com<br><br>Darrell M. Padgette<br>Mendes & Mount, LLP<br>445 S. Figueroa Street, 38th Floor<br>Los Angeles, CA 90071<br>(213) 955-7700/(213) 955-7725 FAX<br>darrell.padgette@mendes.com<br><br>Garrett J. Fitzpatrick<br>Mendes & Mount, LLP<br>750 Seventh Avenue<br>New York, NY 10019<br>(212) 261-8280/(212) 261-8750 FAX<br>garrett.fitzpatrick@mendes.com<br><br>**ATTORNEYS FOR EATON CORPORATION** |
| Michael G. McQuillen<br>Christopher J. Raistrick<br>Austin W. Bartlett<br>Adler Murphy & McQuillen LLP<br>One North LaSalle St., Ste. 2300<br>Chicago IL 60602<br>(312) 345-0700/(312) 345-9860 FAX<br>mmcquillen@amm-law.com<br>craistrick@amm-law.com<br>abartlett@amm-law.com<br><br>**ATTORNEYS FOR HONEYWELL INTERNATIONAL, INC.** | Daniel Cummings<br>Alan S. Madans<br>Robin K. Powers<br>Rothschild, Barry & Myers, LLP<br>55 W. Monroe St., Suite 3900<br>Chicago, IL 60603-5017<br>(312) 372-2345/(312) 344-2700 FAX<br>madans@rbmchicago.com<br>cummings@rbmchicago.com<br>powers@rbmchicago.com<br><br>Frank J. Chiarchiaro<br>Jason Vincent |

|  | Mendes & Mount, LLP<br>750 Seventh Ave.<br>New York, NY 10019<br>(212) 261-8178/(212) 261-8750 FAX<br>Frank.chiarshiaro@mendes.com<br>Jason.vincent@mendes.com |
|---|---|
| Daniel K. Cray<br>Scott D. Pfeiffer<br>Cray, Huber, Horstman, Heil &<br>VanAusdal, LLC<br>303 W. Madison, Suite 2200<br>Chicago, IL 60606<br>(312) 332-8540/(312) 332-8451 FAX<br>dkc@crayhuber.com<br>sdp@crayhuber.com<br><br>Ralph V. Pagano<br>Mendes & Mount, LLP<br>750 Seventh Ave.<br>New York, NY 10019-6829<br>(212) 261-8000/(212) 261-8750 FAX<br>Ralph.Pagano@mendes.com<br><br>**ATTORNEYS FOR UNITED TECHNOLOGIES CORPORATION** | **ATTORNEYS FOR GOODRICH CORPORATION, GOODRICH ACTUATION SYSTEMS, LTD, AND GOODRICH SENSORS AND INTEGRATED SYSTEMS, AN UNINCORPORATED DIVISION OF ROSEMOUNT AEROSPACE, INC.** |

Susan Valentine